```
                            UNITED STATES DISTRICT COURT
                            SOUTHERN DISTRICT OF FLORIDA

                            CASE NO. 08-21729-CIV-GOLD
                            MAGISTRATE JUDGE P. A. WHITE
```

LINO RIGOBERTO MUNOZ-MARTINEZ, :

    Petitioner,        :

v.                                  :        REPORT OF
                                      MAGISTRATE JUDGE
MICHAEL MUKASEY,                (DE#7)
et al.,                           :

    Respondent.        :
_____

    The pro-se petitioner, Lino Rigoberto Munoz-Martinez, filed an emergency petition for a writ of habeas corpus pursuant to 28 U.S.C. §2241, dated June 9, 2008, while confined in the Krome Detention Center, in Miami, Florida, seeking release from INS detention.

    The government has filed a motion to dismiss in response to the Court's shortened order to show cause indicating that the petitioner was deported to Cuba on June 12, 2008, (DE#7), and the response included a Notice to Alien Ordered Removed/Departure Verification (DE#7-2), confirming his removal. The petitioner's removal renders this petition moot.

    In <u>Zadvydas v. Davis, et al.</u>, 533 U.S. 678 (2001), the Supreme Court found that the reasonable duration for the post-removal-period detention of a criminal alien is six months. <u>Id</u>. The Court instructed that after the expiration of the presumptive six-month removal period, the alien's continued detention must be examined; and if it is determined that continued detention is unreasonable, the Court should order the alien's release, which "may and should be conditioned on any of the various forms of supervised release

that are appropriate in the circumstances." Id.

When considering the lawfulness of an alien's detention reviewing courts must first ask "whether the detention in question exceeds a period reasonably necessary to secure removal;" and if the Court finds that removal is reasonably foreseeable, it should consider "the risk of the alien committing further crimes as a factor potentially justifying confinement within that reasonable removal period." Id at 699-700. The Court established a presumptive period of six months for the government to effect removal. If after six months the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the government must produce evidence to rebut the showing. Id. at 701. As the period of post-removal detention grows, what counts as the "reasonably foreseeable period" shrinks. Id. Although the Court establishes a presumptively reasonable period of six months, it recognizes that an alien could be held longer until it is determined that there is no significant likelihood of removal in the reasonably foreseeable future. Id.

Clearly, the petitioner's removal moots this petition. Article III of the Constitution limits the federal court jurisdiction to the consideration of cases and controversies. In order to satisfy the constitutional requirement, the petitioner must suffer or be threatened with an actual injury traceable to the defendant, which is likely to be redressed by a favorable judicial decision. Soliman v. United State, 296 F.3d 1237, 1243-44 (11 Cir. 2002). Once the petitioner is released, he must demonstrate an existing collateral consequence in order to maintain the suit. Id.
Spencer v Kemma, 523 U.S. 1 (1998)

It is therefore recommended that the government's motion to

2

dismiss this emergency petition (DE#7) be granted, and that this case be dismissed as moot.

Objections to this Report may be filed with the United States District Judge within ten days after receipt.

Dated this 7th July, 2008.

_____
UNITED STATES MAGISTRATE JUDGE

cc:   Lino Rigoberto Munoz-Martinez, <u>Pro Se</u>
      Alien No. A24-793-560
      Krome Service Processing Center
      Last known address

      Anthony Pogorzelski, AUSA
      Miami Office
      Address of Record